extension of time. There isn't a lot of guidance about what the grounds must be for an extension of time. But if the court had done it — I thought there was. I thought the guidance was subsection C. You want an extension, you get a warrant or summons. You get a warrant or summons. No. No. Well, 35, 65, 64, violation. Survey vote. Survey vote. But we don't have it. So they're in a situation where they say, well, look, we think there's a problem. Right. Or as they say, may have committed. And we only got two weeks. So we want to get an extension. But we don't — well, they can't issue a warrant at that point, right? Right. Because they don't have the goods. Right. So what — Well, I think the issue — I think what has to happen then is if there's going to be an extension of time, it just has to be ordered before the expiration. Well, in order to do that, don't they have to allege some purported violation? Well, I mean, I would take the position, yes, there has to be some basis for extending the probation. And that obviously did not occur in what was given here. As a matter of fact, it seemed like the probation officer said, let's let it expire. Right. We don't know of anything. There's no problem. So I'm having some difficulty understanding how, given the state of the record and the state of the government's position on whether something had occurred, I don't see how a warrant could have been issued prior to the expiration of the period. It wasn't and could not. It could not. I agree. It could not have been issued at that point. I don't actually know exactly who gets a warrant or summons for a probation violation or supervised release violation, and I don't know exactly how it's issued. Could you tell me what goes on? Right. Generally what happens is the probation officer issues a petition requesting revocation, which is what happened in January of 2013 in this case, and they'll attach a violation report. And since Vargas Amaya and the cases in this Court have made clear that a warrant does need to be based on sworn facts, they subscribe and swear to the facts contained in their violation report. What case was that? Vargas Amaya does talk about the requirements for a warrant, and one of the requirements is it has to be based on probable cause and sworn facts. I mean, the reason I was asking, I know it's not our case, but I was just trying to figure out, you know, given when they tumbled to what they thought was a problem, how they would have fixed it at that point. Obviously they wanted the 90 days because I thought it was going to take them some time. But, I mean, it's not our case here, but I'm just trying to figure out if we agree with you, because that's what the statute says, you know, are we foreclosing something in terms of a practical matter? And that was the purpose of my question. Well, really, really not, Your Honor, because if there really is probable cause to believe that a violation has occurred, then that's easy. They can go in and get a warrant before the expiration. If in a situation like this where they think, well, I mean, really, the only reason they were doing this was because the judge asked them to do something, right? So it's a fairly unusual situation. But if that was a situation where they thought, geez, we think there's a violation, but we don't have time to put together our affidavit, they could go in and ask for what they did here, ask for an extension of time, but to extend the period of probation on the grounds that they think there's a violation, we haven't quite risen to it, they could have potentially done that, and the court could have potentially ordered the extension rather before the expiration of the term. But that didn't happen. That didn't happen. It didn't happen. The way I recall warrants when I was a U.S. magistrate is the FBI would come in and they'd file a sworn document, and then I would sign a form, a warrant form. I don't recall summonses. What are they? A summons is basically the same thing, and under the federal rules, a summons has to basically follow the same format. The only difference is instead of an arrest warrant where the FBI or whatever agency goes out and arrests the defendant and brings them in to court, a summons just orders them to appear voluntarily. So it's really only the practical difference. And there is some discussion in the case law in the Herndon case, which we cited in our brief about the distinction and why a summons in a warrant. And you get the summons the same way you go to a magistrate with probable cause? Right. It would be based on a complaint as well, generally, or an affidavit. In this case, a summons could issue. A complaint usually doesn't have to be sworn or show probable cause. Well, the affidavit in support of it is, though. Does, to get a summons? To get the arrest warrant, right. Well, that's for a warrant. I'm asking about a summons. It would be the same thing. Right. If you look at Federal Rule 9, a federal criminal procedure, it does say that a summons must basically meet the same, be based on the same format as a warrant. Changing our focus just a little bit, if, arguendo, we assume there was jurisdiction, I gather you also argue that there simply was due process violation because your client didn't know what he allegedly did wrong in connection with the $1,000 that appeared when you examined the bank statement, but the probation officer had reviewed that previously and never had any problem with it. Do you want to address that issue? Yes, Your Honor. The two violations that the grounds for violation that the judge found, she only found one of the two alleged violations, and that was the failure to submit truthful and timely reports, truthful and complete reports. And the only bases for it were submitting bank statements, attaching bank statements instead of filling out the form. But Mr. Brotherman had done that for the entire period of his probation without any indication that that was not sufficient to be a timely or a truthful and complete report, nor was there anything in the conditions that said he has to fill out the form instead of attaching it. So the format of how he completed the form couldn't be an error, couldn't be a violation, excuse me. And the other one was the $1,000. So then the court said, well, if there was a $1,000 discrepancy, there's a check from one entity to Peter Proctlington for a 15 and there's a deposit the same day for a 14. We don't know exactly what it is, but there's no evidence that the income, that the $1,000 was actually income that should have been reported. It may have been, you know, a withdrawal made for some other purpose. There's no evidence that Mr. Proctlington, you know, knowingly or intentionally made that omission, even if it was income. So there's just not sufficient evidence in that case to point to, say, that that was a violation. And if there were jurisdiction here, what level of evidence would the court have had to see in order to continue the probation? It's a low threshold, right? Let's assume for a moment there was jurisdiction. The judge sees this $1,000 discrepancy and concludes that that was, you know, improper. It was not a full reporting. What did she have to find in this case to do something about it? Well, she had to find knowledge. Okay, so she has to have found that he took or used the $1,000 knowingly in violation of the reporting requirements. Is that right? Well, that he was not truthful in his written report and knowingly not truthful.  Ms. Laird. No. No, there really wasn't. I have 30 seconds left. Can I reserve your time? Yes. Thank you. We'll hear from the United States. Good morning. May it please the Court, Joseph Widman for the United States. I'd like to start off by ensuring that the Court reviewed or has seen the 28J letter the government filed on Friday. Not me. No. Too late. I haven't seen it. Okay. I don't know what happened. I've been on the airplane all day Friday. Okay. Well, maybe. Tell us what it is. Basically, it responds to the defendant's 28J letter. We don't dispute that if this is truly a matter of jurisdiction, that it has to be de novo. Are we talking supplemental briefs? When you say 28J, I think some new controlling authority. Is there a new controlling authority? No, Your Honor. But we were responding to the defendant's 28J letter. Okay. So it's just argument. So argument. Okay. Well, basically the point is, Your Honor, that this statute cannot be a truly jurisdictional statute because this Court has a well-established doctrine that there can be extra textual reading of jurisdiction under the statute. So basically that means it can't be a jurisdictional statute. For example, we have the fugitive tolling doctrine, which is very well established in this. You know, I have trouble seeing why it wouldn't be jurisdictional. But even if it weren't, there's no obvious reason why you wouldn't apply it. It's really plain. It says that if the defendant violates a condition, let's assume for purposes of discussion he did, his probation can be revoked and he can be resentenced prior to the expiration of the term of probation. Well, that didn't happen. And then it said delayed revocation. It says the power of a court, power sounds like a jurisdictional word to me. But even if it isn't, it's a statutory directive. To revoke a probation extends beyond the term if prior to expiration a warrant or summons has been issued. And I know when the expiration was, and I know there was no warrant issued before the expiration and there was no summons issued before the expiration. So it looks like that's all she wrote. It's over. What am I missing? Your Honor, in the context of the statute in general, when you read all the provisions of the statute and you look at this particular provision, it is not, it would not and was not, obviously, to the district court or either of the parties present in the district court plain that this was not permitted. I can't imagine why not. I mean, they have a strong suspicion that this defendant is a real major crook, ripping off people for millions of dollars that he's stashing in the Caymans. But evidently, they didn't have the evidence prior to the expiration of the term of probation. So I just don't see why it's not over. And if they actually develop the evidence to support their thinking, then they can just indict him for the new crimes. Well, Your Honor, if the Court wishes to make that clear, basically, then that would What's unclear? You keep saying something's not clear. You said extra textual. I guess I'm a little baffled by that along the lines of Judge Kleinfeld. What am I looking at besides the statute? Well, Your Honor, the reason I brought that up is because the fugitive tolling doctrine is well established in this Court. It's basically a way where you can It's not a fugitive. It's not a fugitive. But the point is that because this Court has I think you're just saying if we don't have the evidence yet, so we can't get a warrant or summons, we ought to get an extension anyway if we're thinking we may develop it. I think that's what you mean by extra textual, and that's nonsense. What I'm trying to explain is why this statute cannot be a truly jurisdictional statute. And basically, our Exhibit A for that argument, and, of course, if it's not a truly jurisdictional statute, that means plain error applies, and that's what we're trying to get to. But the Exhibit A for that is the fugitive tolling doctrine. We're not saying that the defendant is a fugitive. Even if it isn't jurisdictional, I don't see why error would be plain because you still haven't provided evidence that he's stealing the millions of dollars and stashing the money in the Caymans. And as for it not being jurisdictional, I don't know how else to read the word power. Power. Okay.  So, Your Honor, we don't really mean authority or jurisdiction. We just mean some other less important principle. What we do have, Your Honor, is basically a trend where increasingly the Supreme Court is reining back interpreting statutes to be truly jurisdictional, that this is basically the power to revoke. You want us to extend that to this. To the criminal context. Well, Your Honor, I'm not going to. I'm not going to. I'm going to say what you're saying and we see that where they say, well, really, you're talking jurisdiction, but what you really mean is cause of action. That's in a civil context. Do you have any criminal case where the Supreme Court has said, and we mean it here, too? Not offhand, Your Honor. But I'm happy to search. Well, no, we gave you. That's why we had your briefing time. So if there's no case on that and we just looked at the statute, I guess I'm having the same trouble is how do you get to a different answer from the statute? Well, I'd like to address, putting aside the whole plain error jurisdictional thing, I'd like to just address the same, the straight point of whether or not there was error, plain or otherwise. If you look at all the provisions in the statute together. Okay. So what do you mean by all the provisions? You mean A, B, and C? You mean how far? What were you talking about? Which are all the provisions? When you look at this particular statute. 35, 65. Let's assume we're all looking at it. I'm now looking at it right now. Okay. The idea is even if you're running out of time and you know, you know, you basically, the district court has authority to extend the time. Now, this. Not if it complies with the latter part of C. It says if. That's true. Prior to its expiration. I mean, you're asking us in an extra textual way to ignore the latter part of the statute. I think you would say in an extra textual way, don't apply the five-year statute of limitations to crimes if you suspect that a person hasn't committed a crime, but you don't have the evidence yet. I mean, that's, that's, your argument sounds analogous to that. Well, if I may. I mean, what the Court pointed out during the argument of my opposing counsel makes a very good point, which is, you know, if you're right at the end of the time and there's no, you know, proven evidence that this person is violated, you know, what is the district court to do? To do what exactly they did. To do nothing to the person. Right. If you can't prove a person committed a crime within the time of the statute of limitations, if you don't have enough to charge him, you don't charge him, and he may go free even though he's committed one. And if you can't get a warrant or a summons based on probable cause before the end of his probation, you're just out of luck. Go on and indict him. You can summon a grand jury and indict him. Well, this, the underlying conduct here of not reporting income. As for what a district court is supposed to do, the district judge isn't the prosecutor. Why should he do anything? Well, what the district court did do here was basically what was available, which was she summons them in to say order to show cause why, order to show cause why your probation shouldn't be continued so that the government can investigate this.   It was a couple days after it was over. But the OSC, as they say, that was issued before. Now, the hearing did not actually take place until a few days after because of a minute order. It was just an order to show cause. It was not a warrant or summons. It was not anything. It's just we're going to tee this up for deciding. In order to show cause was issued January 22nd, 2013. The expiration of the probation was October 26th, 2012. Your Honor. In my record. I believe the timing of that is not accurate. Okay. Tell me what's accurate. Okay. This is SER4, probation officer issued a show cause notice stating that on October 18th, and this is at SER2 to 3, probation office requested an OSC for a hearing why he shouldn't continue that. Right. The next day. That's different. The next day the court issued an order to show cause, October 19th, 2012, and that's at SER1. And that was a docket entry 77 and 78 on the district court's docket. But what's the 22nd of 2013? What happened on January 22nd? Yeah, what is that? That was around the time. That's what I read as an OSC. What does the one on October 19th say? It said the defendant has to appear for an order to show cause why his probation should not be extended for 90 days. And that was the 19th. Yes. The court issued that on October 19th. Okay. But there's no warrant. There was no summons. And there's no order before the expiration, correct? Correct. So let's just say we could extra-textually imagine something. And we might even be, and I'm not sure we would be, in a different situation if the court had said, okay, I'm going to actually extend based upon this. I'm going to extend the time for probation. But he did that before it expired. We might be in a different situation. Would you agree that would be different than the situation we're in now? Yes. But everything talks about prior to expiration. When you say look at the statute as a whole, I can't figure out where you want me to look to get the answer you're telling me that you'd like. What I'm saying, Your Honor, is essentially this is close enough. Under plain error analysis. Whoa. Close enough. You know, I find it amazing that the U.S. attorney would come in and say, well, this is close enough. You know, maybe he's got some money in the Caymans. Maybe there's $1,000 missing. Just, you know, extend the guy's probation. It's not a big deal. You know, that really, I'm a little hard-pressed to find where the close enough rule comes from, either in the statute or otherwise. I don't get why the government is so desperate to extend probation. If the guy has committed these egregious crimes that he's suspected of, why wouldn't you just want to let him off probation and indict him? Your Honor, whether the government, the status of the investigation or these other matters, it really is a side issue. What probation is. No, it's not. It's why the judge and the government went along with this program of extending his probation. They were investigating. The 90 days was to investigate whether or not he had violated probation. It wasn't whether or not there was sufficient probable cause for an indictment or something. He goes to prison and his release date is April 5, 2013. But come April 1, he's suspected of all kinds of really bad stuff. You don't let him out April 5 because they're still investigating? Maybe keep him in another year or two while you finish it. No, Your Honor. That's not the government's position. It really is the government's position because you didn't issue a warrant, you didn't issue a summons, and the reason is because there was nothing you could charge him with at that point. You were investigating. Well, Your Honor, first of all, it wouldn't be the government that's issuing a warrant or summons. This was all basically between at this stage, this early stage. Yeah, you have to ask the magistrate for a warrant or summons so you get a neutral judicial officer. We haven't to date. I mean, all this time has passed. We still have not filed a new case against him. There's no new indictment against him. So, I mean, certainly back then we were not in a position to rush into court with an indictment to bring someone in. That wouldn't have been appropriate. Would you explain to me why Castro Verdugo doesn't point to the fact that this is jurisdictional? I'm sorry, Your Honor. I don't have that case at my fingertips. Well, anyway, that's a Ninth Circuit case. I'm trying to look for a criminal case. And it basically says that the reason that rules are jurisdictional is it allows the court to retain jurisdiction after a probation has expired. So do you think that we should say, well, there's jurisdiction and there's jurisdiction, and in this case this statute somehow isn't jurisdictional? I mean, your position is no matter what we've said in the past, it's not jurisdictional. Our position is that it's not truly jurisdictional. That word is used sort of lurking. So even if we use that word in our prior opinion, you would say we need to go behind the opinion and see if we meant jurisdiction-jurisdiction or if we just meant jurisdiction in the more amorphous sense. Instead of jurisdiction-jurisdiction, I prefer the terminology truly jurisdictional. Okay. Well, truly jurisdictional. I think you're distinguishing truly jurisdictional so that if a court suspects wrongdoing, even though the government can't prove it, and if Congress has said the court doesn't have the power to do anything about it, the court should nevertheless do something about it. Well, we're saying is what this statute says. The court has no power, but you're saying, well, extra-texturally it does. We're saying the district court attempted to keep the probation proceedings going. Obviously, you know, if the court hadn't continued that hearing for five days, and the reason why the court did that in the record is not clear, obviously it would be a lot cleaner. But basically what the court was trying to do is basically have a hearing to extend it so that we can look into this. Because as the court sort of teed up in the earlier argument, this was the 11th hour. The court took this step. Nobody objected. What happens on October 26th, his probation expires. A week later, the probation office says, oh, my gosh, I've got this information, really. He should not be out and about at this point. He needs to be on probation because we think there's hanky-panky going on. Would there be any remedy? That's a much worse case for the government than this case. Well, would there be any remedy, and where would I look for it? I don't think there would be a remedy at that point because there would basically have been no action whatsoever during the term of probation. I mean, it's materially different than what we have here. Okay. So I'm just trying to establish kind of what I'll call the bookends. So once your probation expires, if they discover something after, they can't go back, you're saying. Okay? Right? Yes, if they didn't do anything before your probation expired. Okay. So if and anything they have to do, that's really the dividing line for you? I think so. And I think what the Court did here was enough. And you claim that in your construction of the statute that we review this for plain error. Did I understand you correctly? Yes, Your Honor. So nobody objected. So we see whether it's fair, basically. Is that your argument, whether on the third prong, a plain error review? Well, the third prong, I mean, assuming the Court finds that there in fact was clear or obvious error in this case, the government is prepared to concede on the third point that it prejudiced the defendant. I mean, there would have been no proceedings after that. There would have been no way. But I think on the fourth, though, to the extent the Court is, you know, engaging on that fourth prong, I distinguish from the third prong. I always thought there were three prongs in plain error. What is the fourth prong? The fourth prong is whether or not it would undermine public confidence, sort of fundamental notions of fairness, public, you know, the integrity of the courts, et cetera. A little more notional. I mean, usually, I mean, frequently anyway, the third and the fourth are kind of collapsing together. But, you know, the original case, the case law, it does say that there are four prongs. How do you think that extending jurisdiction when there's been no allegation of wrongdoing, you're just keeping this investigation open without charging the person, you don't issue, the Court doesn't issue a warrant or summons, which, of course, the Court only does when the government gives it to the Court and says this is what we allege. That didn't happen here. As I'm seeing it, the Court is essentially saying, you know, the statute really doesn't matter. What really counts here is that this guy may have done something wrong, and we just kind of want to keep this open. I find that lawless. I really do. I'm kind of shocked at the government's position. What am I missing? Well, first of all, I want to distinguish between two things that have kind of, I think, gotten a little muddy up here. There was the original case against the defendant. He was convicted. Probation. That's what this is about is whether or not it could be continued, et cetera, et cetera. There's some discussion in the briefs also that around the time that the Court was considering extending the probation, the government essentially had a new investigation, and that's why those grand jury subpoenas were issued and so forth and so on. So that's that second thing. That gets to Judge Kleinfeld's point. You can always do that. You know, if there's a new indictment, great, sure, that has nothing to do with it. The question here is what are the grounds? Under what circumstances can the government continue the term of the probation? The statute, the 3565C, sets out the basis for doing so, and it refers to the fact that the Court will have power to do this provided it does certain things, and the proviso is if prior to the expiration a warrant or summons has been issued on the basis of such violation. So you have to know there's an alleged violation. You have to issue that. That didn't happen here. I read you to be saying, you know, truly what that statute says is not what it reads to say. It's just kind of an amorphous penumbra, may I use that word, that we just are supposed to follow. Is that what you're saying? Your Honor, the district court attempted to invoke this section. She did everything that she could to try under this section. There was no objection from the court. She said she did everything she could. You know, she may have just been mistaken, as were the counsels. She could have said, look, this guy's probation expires in two weeks. So if you want to do something, have at it. I'm open, you know, to hearing or whatever. But I can't do it after the fact. Issue a warrant. You know, give us a warrant. Give us a summons. You know what the statute says? I don't get how we would write an opinion that says even though the statute says that the judge had no power, she did actually, extra textually. I don't know how you could write an opinion that said that. What I think we could say is we have this language. The court interpreted it this way. There was no binding authority at that time saying that was improper. For the next case, sure. No binding authority? How about the words of the statute? You mean a statute has no authority? It has authority, but when courts and parties are looking at these things, they frequently look to case law, binding case law. There was nothing on this point. It was completely silent. You made it where there's some reason to question what the statute means. But we've been hammering at you now for quite a while to find out why power doesn't mean, no power doesn't mean, no, doesn't mean what it says, and you haven't given us a reason. Well, what we would ask for is basically guidance. The district court obviously faced with this statute, felt this. There was no objection from either party. Everyone went along with it. There was no discussion on it.  So the guidance we could give would be the statute says what it means, and it means what it says. In other words, if you want to extend probation, abide by the terms of the statute. And if we were to give that advice, then I guess that would satisfy your concern for guidance, correct? Then it would be truly textual. And it would be binding. And then everybody would know what the rules are just in case they didn't before, correct? And then in a future case, clearly, there would be, it would be plain error. But in this case, yes, essentially. I mean, essentially to make clear that this is what, this is how it applies in this fact pattern. If you're at the 11th hour like this, basically you better have that hearing before the, you can't continue it for five years. I guess that means the statute of limitations wouldn't apply either on the first case for each particular one of the thousands and thousands of crimes. It would only apply on the second case after the published opinion that it means what it says. I take the Court's point. And, you know, we obviously would not, that would not be our position. Well, I know you've fought mightily on the text of the statute. And we obviously will figure out what it says. And thank you for your argument. Thank you, Your Honor. Do you need any rebuttal? We have a minute for rebuttal. I might even be able to do it in my 14 seconds. Just to respond very quickly on the response to the 28-J letter, just because I did not have a chance to address that before, I did receive the letter. And basically I think you've heard the argument, contrary to the government's argument, that this is not a truly just jurisdictional statute. Every single case that talks about it characterizes it as jurisdictional. Pretty much every case cited in our brief, Vargas-Amaya, Morales-Alejo, Neville-Schmidt, Crisler, Jean-Pierre Dix, I can go on and on. Every case calls this a jurisdictional question. And, of course, it's with good reason because the statute does talk about the power of the court. This is not like a claims processing rule, which a couple of the cases cited in the 28-J letter refer to statutes of limitations for a plaintiff. Very different situation. This is the power of the court to do an act. And it's just similar to not have that act. I also would just point out that even if the only reason it matters if it's jurisdictional or not is really for the standard of review, I would submit under a plain error review, even if that were to apply, this was clearly a plain error that affected Mr. Proctor's substantial rights and did affect the integrity of the judicial proceedings because this is a court acting beyond the statutory authorization given to it by Congress, and I don't see how that could not affect the integrity of the judicial proceeding. And I think that's about all I have. Oh, I just wanted to clarify one point that I may have made in my opening remarks, and that is that I'm not saying it would be okay for the judge in this case, in a situation where there isn't probable cause and they just sort of want more time. I'm not saying that's really okay to a reasonable basis to extend a period of probation. But in this case it just doesn't matter because the court just didn't do it within the time period. All right. Well, I guess the challenge is, as your opposing counsel put it, to find out if this is truly jurisdictional. So with that, we'll take the matter under submission. United States v. Pockington is submitted. Thank you for your argument, and the session for this morning is concluded.
judges: Kleinfeld, McKeown, M. Smith